IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH ANDERSON, | No. C 04-4649 CW |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| v. | |
| AMERICAN AIRLINES, INC., a Delaware corporation, ROY GAMMON and DOES 1 through 50, | |
| Defendants. | |

Defendant American Airlines, Inc. moves, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss all six causes of action in the second amended complaint (SAC) filed by Plaintiff Deborah Anderson. Plaintiff opposes the motion. The matter was heard on June 24, 2005. Having considered the parties' papers and oral argument on the motion, the Court GRANTS American's motion to dismiss.

## FACTUAL BACKGROUND

The following facts are alleged in the SAC. Plaintiff is of African and Belizean descent. She was hired by American on November 18, 1991. In March, 2002, Shannon Stewart began as

Plaintiff's general manager in American's Oakland facility.  Ms. Stewart harassed Plaintiff by making derogatory comments regarding Plaintiff's race and status as a single mother.  Plaintiff complained to American management about Ms. Stewart's comments, which resulted in Ms. Stewart being replaced by Defendant Roy Gammon.

Soon after Mr. Gammon assumed the position of general manager, he began harassing Plaintiff by, inter alia, requiring her to perform administrative duties while not allowing her sufficient time to complete them, sending her demeaning emails, requiring her to work without pay after hours and on weekends, and wrongfully denying her requests for vacation and leave time.

On February 24, 2003, Mr. Gammon issued Plaintiff a "Career Decision Day Letter," which required Plaintiff to choose between terminating her employment or remaining employed with American, but with the stipulations that (1) American could terminate Plaintiff without cause, and (2) Plaintiff would lose the right to file union grievances.

On February 28, 2003, Plaintiff was admitted to the emergency room due to stress, and was placed on temporary medical leave.  On March 3, 2003, Plaintiff called Mr. Gammon to inform him that she had been cleared to return to work starting March 7.  Mr. Gammon told Plaintiff that he would not accept her medical release. Plaintiff called Mr. Gammon again on March 10 to inquire about the status of her employment.  Mr. Gammon informed Plaintiff that her employment status had not been determined because she had failed to choose an option from the Career Decision Day Letter.  Plaintiff

2

reported Mr. Gammon's conduct to American management. Plaintiff was terminated on March 14, 2003. At the time Plaintiff was terminated, she held a management position at American.

## PROCEDURAL HISTORY

I.  Administrative Procedural History

On March 4, 2003, after Plaintiff had apparently contacted its Oakland office, the Equal Employment Opportunity Commission (EEOC) sent her a letter and an employment discrimination questionnaire. The letter stated, <u>inter alia</u>, that (1) if Plaintiff did not check a particular box on the questionnaire, the EEOC would consider the questionnaire a formal charge, and (2) "If we do not hear from further from you, within 30 days after we notify the employer of the charge, we will dismiss it." On March 12, 2003, Plaintiff submitted the EEOC questionnaire describing her allegations against American; she did not check the box that the agency had identified. In an attachment to the questionnaire, Plaintiff alleged discrimination and harassment based upon her national origin and retaliation for complaining about the discrimination and harassment.

On June 30, 2003, Plaintiff's counsel submitted a letter to the EEOC requesting a right-to-sue letter based upon the March 12 questionnaire. There is no evidence of any other communication between Plaintiff and the EEOC until March 9, 2005, when Plaintiff's counsel sent the EEOC another letter requesting a right-to-sue letter. In a letter dated March 15, 2005, the EEOC stated the following: "A review of this office's records discloses no charge was filed by your client against the above named

3

employer." The letter also stated that Plaintiff could submit a formal charge or, in the alternative, she could re-submit the March 12, 2003 questionnaire in place of a formal charge. In a letter dated March 30, 2005, Plaintiff's counsel stated that he had enclosed a "copy of the charges," although it is not clear from the record whether he filed an additional charge or re-sent the March 12, 2003 questionnaire.

On April 22, 2005, the Department of Fair Employment and Housing (DFEH) received a charge of discrimination from Plaintiff. In the section of the charge form in which Plaintiff was directed to detail her allegations of discrimination, Plaintiff wrote "See Attachments," and she attached the 2003 EEOC questionnaire. Also on April 22, 2005, the DFEH issued Plaintiff a right-to-sue letter.

II.  Litigation Procedural History

On March 2, 2004, Plaintiff filed her initial complaint in the Superior Court for the County of San Francisco. However, that complaint only referred to Plaintiff on its cover page; the remainder of the complaint referred to a plaintiff named Mr. Nolasco. On September 13, 2004, Plaintiff filed a first amended complaint (FAC) in State court that alleged nine causes of action: (1) "tortuous wrongful termination" based upon "Plaintiff's discharge because she engaged in a protected activity of seeking medical leave," (2) "harassment," which Plaintiff alleged had occurred because she had complained to American management about the conduct of Ms. Stewart and Mr. Gammon, (3) "wrongful termination," also allegedly a result of Plaintiff's complaints to management, (4) "wrongful termination in violation of public policy

4

-- Government Code § 12920" [discrimination based upon a medical condition], (5) "wrongful termination in violation of public policy -- Government Code § 12940(n)" [failure reasonably to accommodate an employee's medical condition], (6) "retaliation" based upon Plaintiff's allegations that she was terminated because she complained to management of harassment, (7) "breach of implied covenant of good faith and fair dealing," (8) "intentional infliction of emotional distress," and (9) "negligent infliction of emotional distress."

On November 3, 2004, American removed the action to this Court. Mr. Gammon did not join in the removal because he had not been served with either the initial complaint or the FAC. On November 9, American moved to dismiss the first, third, seventh, eighth and ninth causes of action in the FAC. Plaintiff filed a statement of non-opposition, and the Court granted the motion; these causes of action were dismissed with prejudice.

On March 4, 2005, American moved under Federal Rule of Civil Procedure 12(c) for judgment on the pleadings on Plaintiff's remaining causes of action. On April 8, 2005, the Court held a hearing on American's motion. At that hearing, the Court made a bench ruling denying American's motion but dismissing Plaintiff's claims; Plaintiff was given forty-five days to file a second amended complaint. Plaintiff was also given an additional forty-five days to serve Mr. Gammon. At the hearing, Plaintiff's counsel represented to the Court that he did not intend to add any new parties or claims, and he was not given leave to do so. On April 19, 2005, the Court issued a written order on American's Rule 12(c)

5

motion. Specifically, the Court ruled as follows: (1) although it was not clear from the FAC which legal theories Plaintiff was asserting, the Court construed her harassment (second cause of action) and retaliation (sixth cause of action) claims as arising under the Fair Employment and Housing Act (FEHA) and Title VII, but ruled that Plaintiff had failed to allege that she had exhausted her administrative remedies for such claims; and (2) dismissed Plaintiff's wrongful termination (fourth and fifth causes of action) claims because Plaintiff had not adequately plead that she suffered from a "mental disability," as that term is defined under FEHA. Plaintiff was granted leave to amend these claims, but was not granted leave to add additional claims.

On May 4, 2005, Plaintiff filed the SAC. The SAC alleges the following causes of action: (1) "Wrongful Discharge in Violation of Fundamental Public Policy (Racial Discrimination based on Title VII, and Govt. Code §§ 12900-12996 [FEHA])," (2) "Wrongful Discharge in Violation of Fundamental Public Policy (National Origin based on Title VII, Govt. Code §§ 12900-12996 [FEHA] and Cal. Const. Art. I § 8)," (3) "Wrongful Discharge in Violation of Fundamental Public Policy (Mental Disability Discrimination, Govt. Code § 12940(a), and the Americans with Disabilities Act of 1990, 42 USC §§ 12101 - 12213)," (4) "Tortious termination in Violation of Fundamental Public Policy (Termination based on Medical Condition in violation of the California Family Rights Act, Govt. Code § 12945.2)" [employer required to grant medical leave], (5) "Retaliation in Violation of Govt. Code § 12940(h)" [retaliation for engaging in protected oppositional activity], and

1  (6) "Unlawful Business Practices, Business and Professions Code,
2  §§ 17000 et seq., and §§ 17200 et seq."

## LEGAL STANDARD

4  A motion to dismiss for failure to state a claim will be
5  denied unless it is "clear that no relief could be granted under
6  any set of facts that could be proved consistent with the
7  allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th
8  Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506
9  (2002). A complaint must contain a "short and plain statement of
10 the claim showing that the pleader is entitled to relief." Fed. R.
11 Civ. P. 8(a). "Each averment of a pleading shall be simple,
12 concise, and direct. No technical forms of pleading or motions are
13 required." Fed. R. Civ. P. 8(e). These rules "do not require a
14 claimant to set out in detail the facts upon which he bases his
15 claim. To the contrary, all the Rules require is 'a short and
16 plain statement of the claim' that will give the defendant fair
17 notice of what the plaintiff's claim is and the grounds on which it
18 rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

19 When granting a motion to dismiss, a court is generally
20 required to grant a plaintiff leave to amend, even if no request to
21 amend the pleading was made, unless amendment would be futile.
22 Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911
23 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment
24 would be futile, a court examines whether the complaint could be
25 amended to cure the defect requiring dismissal "without
26 contradicting any of the allegations of [the] original complaint."
27 Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

28

7

DISCUSSION

I.  First and Second Causes of Action

Plaintiff alleges causes of action for wrongful termination based upon her race and national origin.

American argues that these claims should be dismissed because they are barred by the statute of limitations. A common law claim for wrongful discharge in violation of public policy is governed by a two-year statute of limitations. Cal. Civ. Proc. Code § 335.1; Mathieu v. Norrell Corp., 115 Cal. App. 4th 1174, 1189 n.14 (2004). Here, Plaintiff alleges that she was terminated on March 14, 2003, and she did not file the SAC until May 4, 2005. American argues that these claims do not relate back either to the original complaint or to the FAC because Plaintiff did not allege them in either pleading. However, Plaintiff disclaims any intent to sue for wrongful termination in violation of public policy against discrimination based upon race and national origin.

Plaintiff argues that her first and second causes of action are actually FEHA and Title VII claims and are not time-barred because she obtained a right-to-sue letter from the DFEH on April 22, 2005. At the hearing, Plaintiff maintained that this right-to-sue letter was based upon her recent submission to the DFEH of a copy of the March 12, 2003 EEOC questionnaire. Plaintiff contends that the right-to-sue letter authorizes her first and second causes of action, and that she should not be penalized because the letter was not timely issued to her. However, Plaintiff prepared the EEOC questionnaire before she was terminated, and it alleged only discrimination and harassment based upon her national origin.

8

Thus, even if the Court were to construe Plaintiff's first and second causes of action as arising under Title VII and FEHA, the questionnaire could not exhaust those causes of action for wrongful termination based upon her race and national origin.

For the foregoing reasons, the first and second causes of action must be dismissed; they are dismissed with prejudice because Plaintiff has already had one opportunity to amend her Title VII and FEHA claims.

II.  Third Cause of Action

American argues that the Court should dismiss Plaintiff's third cause of action, for "Wrongful Discharge in Violation of Fundamental Public Policy (Mental Disability Discrimination, Govt. Code § 12940(a), and the Americans with Disabilities Act of 1990, 42 USC §§ 12101 - 12213)."  In the April 19, 2005 order dismissing Plaintiff's first amended complaint, the Court granted Plaintiff leave to amend this cause of action:

> Plaintiff may be able to allege that she has a "mental disability."  Depression may meet the definition of a mental disability under FEHA.  Auburn Woods I Homeowners Ass'n. v. Fair Employment & Housing Comm'n, 121 Cal. App. 4th 1578, 1592-93 (2004).  Thus, Plaintiff may amend her complaint, if she is truthfully able to do so, to allege that the FEHA articulates a fundamental public policy that protects her from discrimination based upon her mental disability, and that American discriminated against her because of this mental disability.

The SAC does not allege that Plaintiff has a mental disability as that term is defined under FEHA; Plaintiff alleges only that she "end[ed] up in the emergency room due to stress," and that she was able to return to work several days later.  She does not allege that she suffers from depression, nor does she allege that she has

9

any mental or physical impairment that would qualify as a mental disability under FEHA or as a "disability," as that term is defined by the Americans with Disabilities Act. Thus, Plaintiff's third cause of action fails to state a claim, and must be dismissed. Because Plaintiff has had one opportunity to amend this claim, it is dismissed with prejudice.

III. Fourth Cause of Action

Plaintiff's fourth cause of action is "Tortious termination in Violation of Fundamental Public Policy (Termination based on Medical Condition in violation of the California Family Rights Act, Govt. Code § 12945.2)." According to the SAC, this cause of action arises from American's alleged refusal "to allow Plaintiff to return to her employment position after her doctor released her to return to work from medical leave."

In Plaintiff's FAC, the first cause of action was "tortuous wrongful termination," which was based upon "Plaintiff's discharge because she engaged in a protected activity of seeking medical leave." Plaintiff did not state a legal theory under which that cause of action was brought. American moved to dismiss the claim, and Plaintiff filed a statement of non-opposition to the motion. On December 13, 2004, the Court dismissed the claim with prejudice.

The only material difference between the dismissed claim and the fourth claim in the SAC is that, in the SAC, Plaintiff cites California Government Code section 12945.2, which covers employees' rights to return to work after taking medical leave. Presumably, that is the same statute under which Plaintiff brought the first cause of action in the FAC. The SAC's fourth cause of action is

10

the same claim that the Court dismissed with prejudice in its December 13 order.  Thus, Plaintiff's fourth cause of action is dismissed with prejudice.

IV.  Fifth Cause of Action

American moves to dismiss Plaintiff's retaliation claim, which is the fifth cause of action in the SAC.  American argues that Plaintiff has failed to exhaust her administrative remedies for the claim.

In its April 19, 2005 order, the Court construed Plaintiff's retaliation claim as arising under FEHA and Title VII.  The Court ruled that Plaintiff had not included, in the FAC, any factual bases for her argument that the March 12, 2003 EEOC questionnaire constituted a formal charge, and ruled further that the questionnaire that Plaintiff had submitted to the Court, which did not include the attachment that apparently had been submitted to the EEOC describing her allegations of discrimination, harassment and retaliation, did not adequately describe the actions of which she complained.  The Court dismissed the retaliation claim with leave to amend, ruling that Plaintiff was required to show that she had satisfied the two requirements for exhaustion: (1) timely filing of an administrative charge of retaliation, and (2) obtaining a right-to-sue letter or, in the alternative, justifying her lack of a right-to-sue letter.

Plaintiff has now submitted (1) the EEOC questionnaire, (2) the questionnaire attachment that details Plaintiff's allegations of discrimination and harassment based upon her national origin and retaliation for her complaints about the

11

discriminating and harassing activity, (3) the letter sent by the EEOC which stated that, if Plaintiff did not check a particular box, the questionnaire would be considered a formal charge, and (4) the letter dated June 30, 2003 from Plaintiff's counsel requesting a right-to-sue letter based upon the questionnaire.

Plaintiff's fifth cause of action alleges retaliation based upon protected oppositional activity while employed at American, but it states that she was retaliated against for taking medical leave. Taking medical leave is not oppositional activity. Furthermore, Plaintiff's EEOC questionnaire and its attachment allege retaliation based only upon Plaintiff's complaints about national origin discrimination. Retaliation for complaining of national origin discrimination is not alleged in the SAC. Plaintiff's counsel represented at the hearing that the EEOC questionnaire and its attachment constituted the charge upon which Plaintiff is basing her claims in this case. Thus, Plaintiff has failed to exhaust her administrative remedies for her fifth cause of action for retaliation for taking medical leave.

V. Sixth Cause of Action

Plaintiff has alleged, for the first time, a cause of action for unlawful business practices arising out of American's alleged requirement that Plaintiff work more than forty hours per week while only receiving wages for forty hours of work.

This cause of action must be dismissed. First, Plaintiff's counsel represented to the Court at the April 8 hearing that he would not add new parties or claims, and he was not granted leave to do so. Second, the SAC alleges that Plaintiff was a member of

12

management at American.  Individuals employed in executive, administrative or professional categories are generally exempt from the provisions of State law requiring overtime compensation for overtime work.  Cal. Lab. Code § 515(a).  In her opposition brief, Plaintiff argues that American had relieved her of supervisory duties.  However, that allegation is not made in the SAC.  Thus, Plaintiff's sixth cause of action fails to state a claim upon which relief can be granted, and must be dismissed.  The Court does not grant leave to amend this claim because Plaintiff did not have leave to file it and it is not related to the remainder of her complaint.  However, the dismissal is without prejudice to refiling as a separate case, if Plaintiff truthfully can do so without contradicting the allegations in her earlier complaints or running afoul of the statute of limitations.

VI.  Defendant Gammon

At the April 8, 2005 hearing, the Court noted that Plaintiff had failed to serve Mr. Gammon within the 120-day time limit mandated by Federal Rule of Civil Procedure 12(m).  At that hearing, the Court granted Plaintiff an extension of time to serve Mr. Gammon and set a deadline of May 23, 2005.  To date, Plaintiff still has not served Mr. Gammon with any pleading in this case.  Thus, the claims against Mr. Gammon are dismissed.

13

CONCLUSION

For the foregoing reasons, American's motion to dismiss each claim in the SAC (Docket No. 36) is GRANTED.  Plaintiff's first, second, third, fourth and fifth claims are dismissed with prejudice.  Plaintiff's sixth cause of action is dismissed without prejudice.

IT IS SO ORDERED.

Dated: 7/20/05

CLAUDIA WILKEN
United States District Judge